IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

EARLINE COWSETT                                           PLAINTIFF

V.                                              CIVIL ACTION NO.4:14CV145-DMB-DAS

CAROLYN COLVIN,
ACTING COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                         DEFENDANT

<u>ORDER AWARDING ATTORNEYS FEES</u>

       Before the court is the claimant's motion for payment of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. In these proceedings, the claimant sought judicial review of the final decision of the Commissioner of Social Security, denying a claim for benefits. By judgment dated February 2, 2016, the court remanded this case to the Commissioner for further proceedings. The claimant now seeks attorney's fees under the EAJA as the prevailing party, asserting the Commissioner's position was not "substantially justified." By the motion and attached exhibits, the claimant requests an award of $ 4,281.98. The Commissioner has not opposed the motion.

       The court, having considered the foregoing and the record of this case, finds a claim for attorney's fees is appropriate and the hours claimed are reasonable, but that the calculation of the allowable hourly rate is erroneous under Fifth Circuit precedent. The plaintiff has calculated the cost of living adjustment using the temporal mid-point calculation method. This method looks at the time covered by the services rendered in the case, in this particular case, beginning in October 15, 2014 when the complaint was filed and ending on February 2, 2016, when the judgment was entered in the case. The mid-point between the beginning and ending dates is

June 9, 2015. The plaintiff has used the June 2015 CPI-U for "All Items Index," Urban South and requests $ 190.31 per hour for all attorney's fees.

The correct index has been used in making this calculation, and other jurisdictions have employed use of a temporal mid-point to calculate the cost-of-living adjustment.[1] However, Fifth Circuit Court precedent, while not dictating all the specifics about how the lower courts should adjust for changes in the cost of living, requires that cost-of-living adjustments be made to reflect the cost of living applicable for the year in which legal services are rendered. *Perales v. Cassilas*, 950 F.2d 1066, 1076 (5th Cir. 2010).

The following is a breakdown of the hours of work broken down by year and the appropriate hourly rate, and the calculation of the attorney's fees that should be paid pursuant to EAJA.

| Year | Hours | Hourly Rate | Amount |
|------|-------|-------------|--------|
| 2014 | 1.5 | $ 189.10 | $ 283.65 |
| 2015 | 17.5 | $ 185.96 | $ 3,246.25 |
| Feb. 2016 | 2.0 | $ 188.36 | $ 376.72 |
| May 2016 | 1.5 | $ 191.03 | $ 286.55 |
| | | | $ 4,193.17[2] |

---

[1] *United Partition Sys.Inc. v. United States*, 95 Fed.Cl. 42, 58 (2010).

[2] For 2014 and 2015, the calculations are made by multiplying $ 125.00 by the annual CPI-U, All items Index for the South Region, then divided the product by 192.4, the CPI-U South Region, for March 1996, the effective date of the revised EAJA. Because there are no annual or semi-annual CPI-U (South Urban) numbers at the present time, the court has used the February, 2016 index number of 229.646 in calculating the rate for services in that month. The May, 2016 figure is 232.995. The court has made a slight adjustment to the breakdown of the hours by year, because one small time entry was mistakenly attributed to the wrong year. The total hours claimed have been approved by the court as reasonable.

**IT IS ORDERED** that the claimant's motion for payment of attorney's fees under the EAJA is hereby **GRANTED**, and the Commissioner shall pay the claimant $ 4,193.17 for the benefit of the claimant's attorney.

**SO ORDERED** this the 21st day of June, 2016.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE